UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **EARLIE MATTOX** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 08-4295** |
| **BURL CAIN, WARDEN** | * | **SECTION: "K"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to Title 28, United States Code, Sections 636(b)(1)(B) and (C), and, as applicable, Rule 8(b) of the Rules Governing Section 2254 cases.  Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing.  For the following reasons, it is hereby recommended that the instant petition be **DISMISSED WITH PREJUDICE** as untimely.

Petitioner Earlie Mattox is a state prisoner incarcerated in the Louisiana State Penitentiary, Angola, Louisiana, where he is serving consecutive sentences

totaling one hundred-ten (110) years.

## Statement of Case[1]

On December 13, 1993, the petitioner, Earlie Mattox, was charged by bill of information with one count of forcible rape and two counts of aggravated crime against nature. The bill of information charged that between November 22, 1991, and October 11, 1993, Mattox committed forcible rape and aggravated crime against nature upon T.W., whose date of birth was 2/22/78. The bill also charged that between those same dates Mattox also committed aggravated crime against nature upon P.W., whose date of birth was 9/14/81.

At arraignment on December 16, 1993, Mattox pled not guilty. Following a hearing on May 10, 1994, the trial court found probable cause and denied the Mattox's motions to suppress. On May 28, 1996, the trial court denied the State's <u>Prieur</u> motion to use evidence of other crimes. That same date Mattox filed a motion to quash because of the untimely commencement of trial. The trial court granted the motion to quash. The State filed a writ application from the denial of the <u>Prieur</u> motion and an appeal from the granting of the motion to quash. The Louisiana Court of Appeal, Fourth Circuit, consolidated the writ application with the appeal, and in

---

[1]The Statement of Case was adapted from the Louisiana Fourth Circuit Court of Appeal's unpublished opinion, in **State v. Earlie J. Mattox**, No. 99-KA-0903 (La. App. 4 Cir. May 24, 2000). A copy of the unpublished opinion is contained in Volumes 1 and 4 of the state record.

**State v. Mattox,** 96-1406, 96-2370 (La. App. 4th Cir. 12/10/97), 704 So.2d 380, writ denied, 98-1701 (La. 8/28/98, 723 So.2d 419 and 98-2395 (La. 9/25/98), 725 So.2d 493, reversed the judgments denying the Prieur motion and granting the motion to quash and remanded the case for further proceedings. The trial court later heard additional evidence on the State's Prieur motion and granted the motion.

      Following a trial on October 6, 1998 and October 7, 1998, a twelve-member jury found Mattox guilty as charged on all counts. On October 13, 1998, the trial court sentenced Mattox to serve forty years on the forcible rape conviction and fifteen years on each of the aggravated crime against nature convictions. The court ordered all sentences to run consecutively to each other. Mattox's motion to reconsider sentence was denied, and his motion for appeal was granted. Mattox's was also held in contempt of court and sentenced to serve an additional six months in Parish Prison. That sentence was to be served consecutively with the other sentences imposed. That same day, the State filed a multiple bill charging that prior to the conviction for forcible rape, Mattox had previously pled guilty to sexual battery in Jefferson Parish on May 9, 1988. Mattox pled not guilty to the multiple bill. Mattox's oral motion for post verdict judgment of acquittal was denied on November 13, 1998. That same day, the trial court held a hearing on the multiple bill. Following the hearing, the trial court vacated and set aside the original forty-year sentence

on the forcible rape conviction and re-sentenced Mattox to serve eighty years at hard labor without benefit of probation, parole or suspension of sentence. The trial court ordered the new sentence to be served consecutively to the sentences previously imposed on the two aggravated crimes against nature convictions and any other sentence previously imposed.

## Procedural Summary

Petitioner directly appealed his convictions and sentences. On May 24, 2000, the Louisiana Court of Appeal, Fourth Circuit affirmed petitioner's convictions and sentences.[2] The Louisiana Supreme Court denied petitioner's application for writ of certiorari and/or review on September 28, 2001.[3] Petitioner filed a Uniform Application for Post-Conviction Relief in the trial court on September 03, 2003, as per the clerk's office. The application was signed by petitioner on August 29, 2003. The trial court denied the application on January 5, 2005.[4] Petitioner filed for a supervisory writ in the Louisiana Court of Appeal, Fourth Circuit, which denied the writ application on March 10, 2005. The Fourth Circuit said:

---

[2]**State v. Mattox,** No. 99-KA-0903 (La. App. 4 Cir. May 24, 2000) unpublished opinion. A copy of the opinion is contained in Volumes 1 and 4 of the State record. Also see 761 So.381 (table).

[3]**State v. Mattox,** 797 So.2d 682, No. 2000-2069 (La. 9/28/01).

[4]See State record, Vol. 2 of 8. Docket Master and Minute Entry dated January 5, 2005.

4

> Relator's claims in his application for post-conviction relief have been reviewed. Relator has failed to demonstrate he is entitled to relief. There is no error in the district court's January 5, 2005 judgment.

See **State v. Mattox**, No. 2005-K-0168 (La. 4 Cir. March 10, 2005). A copy of the ruling is contained in the State record, Vol. 7 of 8.

Petitioner next applied for supervisory and/or remedial writs in the Louisiana Supreme Court which denied the application on April 17, 2006. See **State ex rel. Earlie Mattox,** 2005-KH-1958.[5]

Petitioner filed his federal petition for habeas corpus relief on August 12, 2008, the day he signed and dated his pro se application.[6] Petitioner claims that the trial court lacked jurisdiction to stay his release from custody and that petitioner's continued incarceration is illegal.

---

[5]See State record Vol. 7 of 8 for a copy of the ruling. The Supreme Court of Louisiana denied the application based upon La. C.Cr. P. art. 930.8; **State ex rel. Glover v. State,** 93-2330 (La. 9/5/95) 660 So.2d 1189.

[6]This August 12, 2008, filing date was ascertained via the Court's use of the federal "mailbox rule." Under this rule, a pleading filed by a prisoner acting *pro se* is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing, rather than the date it is received by the court. **Cooper v. Brookshire**, 70 F.3d 377, 379 (5th Cir. 1995). Generally, the date a prisoner signs his petition, is presumed to be the date he delivered it to prison officials for mailing. *See* **Colarte v. LeBlanc**, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his *habeas corpus* application over to prison officials for delivery to this Court on the date he signed his application); **Magee v. Cain**, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); **Punch v. State**, 1999 WL 56279, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition).

The State argues that petitioner's federal petition should be dismissed because it was untimely filed. For the following reasons, this Court agrees.

## Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of the time for seeking review. See 28 U.S.C. §2244(d)(1)(A) (West 2010), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220. In this case, the latest date that Mattox's conviction became final, for federal limitations purposes, was 90 days after the September 28, 2001 writ denial by the Louisiana Supreme Court, or on December 28, 2001. This date is the date when Mattox could no longer seek review of the highest state court's decision with the United States Supreme Court. See Sup. Ct. R 13(1); **Roberts v. Cockrell**, 319 F.3d 690, 694 (5th Cir. 2003); **Ott v. Johnson**, 192 F.3d 510, 513 (5th Cir. 1999), cert. denied, 529 U.S. 1099, 120 S. Ct. 1834, 146 L. Ed.2d 777 (2000). Accordingly, Mattox's one year limitation period commenced to run, at the latest, on December 28, 2001. Under a plain reading of the statute, Mattox's habeas limitation period would expire one year later, on December 28, 2002. Mattox did not file the instant action until August 12, 2008, nearly 6 years after the

federal limitations period expired.[7] Thus, his challenge to his 1998 conviction must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. §2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

As the previously mentioned procedural history indicates, Mattox signed his first state post-conviction application on August 29, 2003, **244** days **after** the one year federal limitations period had expired. Therefore, unless there is another basis for tolling, with no properly filed application for State post-conviction or other collateral review pending, Mattox's time limitation for bringing his §2254 action expired on December 28, 2002.

### **Equitable Tolling**

The Fifth Circuit has held that the AEDPA's one-year period of limitations may be equitably tolled, but only in "rare and exceptional circumstances". *Davis V. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999). "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is

---

[7]The court gives Mattox the benefit of the date he signed his federal habeas application.

prevented in some extraordinary way from asserting his rights.'" **Coleman v. Johnson,** 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), quoting **Rashidi v. American President Lines**, 96 F.3d 124, 128 (5th Cir. 1996). In order for equitable tolling to apply, the applicant must diligently pursue his §2254 relief. **Id.** Moreover, the petitioner bears the burden of establishing entitlement to equitable tolling in the AEDPA context. **Philips v. Donnelly**, 216 F.3d 508, 511 (5th Cir. 2000).

Mattox makes no arguments in support of equitable tolling nor does the record reveal any basis for equitable tolling. "'[E]quity is not intended for those who sleep on their rights."' *Id.* (quoting *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999)). Mattox is not entitled to equitable tolling of his federal limitations period and therefore his petition must be denied with prejudice as being time-barred from federal review. Accordingly,

## RECOMMENDATION

Based upon the foregoing, **IT IS HEREBY RECOMMENDED** that the instant habeas corpus petition be **DENIED** with prejudice as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon

grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996)(en banc).[8]

New Orleans, Louisiana, this 17th day of December, 2010.

_____
LOUIS MOORE, JR.
United States Magistrate Judge

---

[8]*Douglas* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.