UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**EARLIE MATTOX**                                             **CIVIL ACTION**

**VERSUS**                                                    **NO. 08-4295**

**BURL CAIN, WARDEN**                                         **SECTION "K" (1)**


### ORDER AND OPINION

Petitioner Earlie Mattox, a state court prisoner, filed a *pro se* petition for federal *habeas corpus* relief seeking to vacate his state court convictions and the sentence imposed on those convictions[1]. Petitioner seeks to vacate his convictions on the following grounds: 1) trial court lacked jurisdiction to stay the petitioner's release, and 2) petitioner's continued imprisonment is illegal.

The Court referred the case to Magistrate Judge Louis Moore, Jr. who prepared a "Report and Recommendation" in which he recommended that Mattox's petition for relief pursuant to 28 U.S.C § 2254 be dismissed with prejudice as time-barred. Petitioner timely filed a "Motion to Oppose Magistrates Determination and Recommendation."

Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of those

---

[1] A jury found petitioner guilty of one count of forcible rape and two counts of aggravated crime against nature. The petitioner was sentenced to 40 years for the forcible rape, and 15 years each for the aggravated crimes against nature, with each sentence to run consecutively to the others. However, the same day as sentencing, the State filed a multiple offender bill of information charging that petitioner had pleaded guilty to sexual battery prior to his rape conviction. The trial court held a hearing on the multiple offender bill, and thereafter vacated the 40-year sentence and re-sentenced the petitioner to 80 years at hard labor without benefit of probation, parole, or suspension of parole for forcible rape, to run consecutively to the two 15-year sentences. Thus, petitioner is currently serving a total of 110 years.

portions of the Report and Recommendation objected to by the petitioner. Upon review of the petition, the entire state record, and the applicable law, the Court concludes that the conclusions of the Magistrate Judge are fully supported by the record and the controlling case law and that petitioner's objections do not raise any legal issues that require any further consideration.

In his objections, petitioner does not make any specific challenges to the Magistrate Judge's determination that the claim is time-barred other than to reassert his claims of improper jurisdiction. Although the Report and Recommendation stated that the petitioner's claim could be timely if he could show equitable tolling, the petitioner has made no such objection except to say that he is actually innocent. However, a prisoner's claim of actual innocence does not embody the "rare and exceptional" circumstance necessary to warrant equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).  See also *Cousin v. Lensing*, 310 F.3d 843 (5th Cir. 2002) (Claims of actual innocence do not preclude the dismissal of an untimely filed petition). The Court agrees in the Magistrate Judge's determination that petitioner's request for relief is time-barred. Accordingly, the Court hereby overrules petitioner's objections, approves the Report and Recommendation of the United States Magistrate Judge, and adopts the Report and Recommendation as the opinion in this matter.

Accordingly, **IT IS ORDERED** that Earlie Mattox's petition for *habeas corpus* relief

pursuant to 28 U.S.C § 2254 is **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 25th day of January, 2011.

```
_____
       STANWOOD R. DUVAL, JR.
   UNITED STATES DISTRICT COURT JUDGE
```